**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JAN 30 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TERADYNE, INC., <br><br>        Plaintiff - Appellant, <br><br>   v. <br><br> ASTRONICS TEST SYSTEMS, INC., <br><br>        Defendant - Appellee. | No. 24-239 <br><br> D.C. No. <br> 2:20-cv-02713-GW-SHK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted January 16, 2025
San Francisco, California

Before: H.A. THOMAS and MENDOZA, Circuit Judges, and BOLTON, District
Judge.[**]

Teradyne, Inc. appeals the district court's grant of summary judgment to

Astronics Test Systems, Inc. after the district court found that Astronics' copying

of Teradyne's copyrighted software code ("Asserted Works") constituted fair use.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Susan R. Bolton, United States District Judge for the
District of Arizona, sitting by designation.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment. *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 861 (9th Cir. 2017). We review whether an alleged act of copying constitutes fair use as a "mixed question of law and fact." *Google LLC v. Oracle Am., Inc.*, 593 U.S. 1, 24 (2021) (citing *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 560 (1985)). Although "fair use" is a mixed question of law and fact, the "question primarily involves legal work." *Id.* (citation omitted). We affirm.

The district court properly applied the Supreme Court's decision in *Google*, which controls the outcome of this case. In *Google*, the Supreme Court held that limited copying of "functional" code for a "transformative" purpose cuts in favor of fair use on all the applicable statutory factors. *Id.* at 30–32. As in that decision, the four statutory factors that govern the fair use analysis individually and collectively favor fair use here. *See id.* at 19–20, 40. Those factors are (1) "the purpose and character of the use, including whether such use is of a commercial nature"; (2) "the nature of the copyrighted work"; (3) "the amount and substantiality of the portion used in relation to the copyrighted work as a whole"; and (4) "the effect of the use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107(1)–(4).

Factors one and two both favor Astronics. First, Astronics' use of Teradyne's code was transformative in that it enabled customers to continue using

their own test program sets ("TPSs") on Astronics' compatibility software and accompanying digital test instruments. *See Sony Comput. Ent. v. Connectix Corp.*, 203 F.3d 596, 606 (9th Cir. 2000) (finding Connectix's use of Sony's software to be "modestly transformative" because it allowed customers to play games made for Sony's console on personal computers). Second, as the district court noted, Teradyne's Asserted Works are "functional" in nature and furthest from the "core" of copyright protection. *See Google*, 593 U.S. at 29 (underscoring that "declaring code is, if copyrightable at all, further than are most computer programs . . . from the core of copyright").

The remaining two factors also weigh in favor of fair use. Whether considered as sixteen copyrighted works or as a collective, the district court did not err in finding that the amount of the code copied in relation to the entire Application Programming Interface ("API") is comparable to that in *Google*. *See id.* at 33 (finding as fair use the copying of 11,500 lines of code, approximately .4% of the entire API at issue). And the "effect of the use upon the potential market for or value of the copyrighted work" additionally supports fair use. 17 U.S.C. § 107(4). A contrary holding would promote the type of monopolistic lock-in that fair use law protects against by requiring customers to rely solely upon Teradyne's work to run their TPSs, or that they rewrite or recreate their TPSs altogether. *See Google*, 593 U.S. at 39 ("An attempt to monopolize the market by making it

impossible for others to compete runs counter to the statutory purpose of promoting creative expression." (quoting *Sega Enters. v. Accolade, Inc.*, 977 F.2d 1510, 1523–24 (9th Cir. 1992))).

**AFFIRMED.**